IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:26-CV-07078 |
| HENDEE PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW, KIRK MACKEY, by and through the undersigned counsel, and files this, his Complaint against Defendant, HENDEE PROPERTIES, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff, KIRK MACKEY (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, HENDEE PROPERTIES, INC. (hereinafter "HENDEE PROPERTIES, INC."), is a domestic company that transacts business in the State of Texas and within this judicial district.

8. Defendant, HENDEE PROPERTIES, INC., may be properly served with process for service via its Registered Agent, to wit: c/o Edd Hendee, Registered Agent, 10505 Katy Freeway, Houston, TX 77024.

## FACTUAL ALLEGATIONS

9. On or about April 5, 2026, Plaintiff was a customer at "Taste of Texas" a business located at 10505 Katy Fwy., Houston, TX 77024 referenced herein as "Taste of Texas". Attached is a receipt of Plaintiff's purchase as Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

10. Plaintiff lives 8 miles from the Property.

11. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

12. Defendant, HENDEE PROPERTIES, INC., is the owner of the real property and improvements that Taste of Texas is situated upon and is the subject of this action.

13. Plaintiff's access to Taste of Texas located 10505 Katy Fwy., Houston, TX 77024, Harris County Property Appraiser's identification number: 1171740000001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, HENDEE PROPERTIES, INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

14. Plaintiff has visited the Property once before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of Taste of Texas, to determine if and when the Property is made accessible and for Advocacy Purposes.

15. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access are removed.

16. Plaintiff travelled to the Property once before as a customer and as an independent advocate for the disabled, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

17. Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit. As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

18. Plaintiff's inability to fully access the Property and the public accommodation within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Property is a public accommodation and service establishment.

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Property in the very near future as a customer and as an independent advocate for the disabled, in order to purchase food and services, and utilize the

facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendant, HENDEE PROPERTIES, INC., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendant, HENDEE PROPERTIES, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, HENDEE PROPERTIES, INC., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i) Furthest from the access entrance, the accessible parking space does not have a marked access aisle in violation of section 502.3.3 of the 2010 ADAAG

standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to enter and exit their vehicle at this accessible parking space due to the close presence of parked vehicles on either side of the accessible parking space not providing enough room for the wheelchair, this eliminates the accessible route from this accessible parking space.

(ii) Furthest from the access entrance, the accessible parking space is missing an identification sign in violation of section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(iii) Due to the fact the accessible parking space furthest from the accessible entrance is at a significant distance from the entrance requiring an individual in a wheelchair to traverse a far distance in a busy parking lot and to travel an inordinate amount of distance in the vehicular way in violation of section 208.3 of the 2010 ADAAG standards, this barrier to access exposes Plaintiff to increased risk of being struck by a vehicle due to the low profile of a person in a wheelchair. Moreover, parking in this location causes Plaintiff increased anxiety at the prospect of traversing this dangerous distance and path.

(iv) Due to the barriers to access identified in (i) and (iii), the accessible parking space furthest from the accessible entrance is not on an accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards. This barrier would prevent or make very difficult Plaintiff exiting and entering his vehicle from this accessible parking space.

(v) Across the vehicular way from the entrance, for the only two accessible parking spaces having an access aisle, the bottom edges of the signs identifying the two accessible parking spaces are at a height below 60 inches from the floor in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space**.**

(vi) Across the vehicular way from the entrance, for the only two accessible parking spaces having an access aisle, due to an inadequate policy of parking lot maintenance, one of the two accessible parking spaces has a vertical rise running the entire length of the accessible space that is in excess of ¼ inch and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as well as make it difficult for Plaintiff to travel to the public accommodations offered at the Property.

(vii) Across the vehicular way from the entrance, there is a group of three accessible parking spaces that do not have marked access aisles in violation of section 502.3.3 of the 2010 ADAAG standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to safely enter and exit their vehicle at these accessible parking spaces due to the raised curb on the right side of the parking space and due to the lack of an access aisle on the left side of the accessible parking space. Instead of an access aisle on the left side of the accessible parking space is a busy vehicular way of the parking lot. As such, if Plaintiff were to use any of these three accessible parking spaces, he risks

getting struck by oncoming vehicles. route from these accessible parking spaces.

(viii) As a result of the barrier to access identified in (vii) above, the three accessible parking spaces across the vehicular way from the entrance are not on n accessible route in violation of section 208.3.1 of the 2010 ADAAG standards. This barrier would either prevent Plaintiff from entering and exiting his vehicle at these accessible parking spaces, or at a minimum, expose him to significant danger and anxiety if he were to try an attempt to exit or enter his vehicle when parked at these accessible parking spaces.

(ix) Across the vehicular way from the entrance, there is a group of three accessible parking spaces that are missing identification signs in violation of section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(x) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

34. While the Property was originally built in 1991, according to the Harris County Property Appraiser, significant modifications to the Property occurred in 2018. As such, the appropriate standard by which to adjudicate the removal of barriers to access is the 2010 ADAAG Standards. At no time, should the readily achievable standard be applied regarding the removal of barriers to access.

35. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 32 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, HENDEE PROPERTIES, INC., has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $14,310,741.00.

40. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

41. Upon information and good faith belief, the Property has been altered since 2010.

42. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, HENDEE PROPERTIES, INC., is required to remove the physical barriers, dangerous conditions

and ADA violations that exist at the Property, including those alleged herein.

43. Plaintiff's requested relief serves the public interest.

44. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, HENDEE PROPERTIES, INC.

45. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, HENDEE PROPERTIES, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

46. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, HENDEE PROPERTIES, INC., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, HENDEE PROPERTIES, INC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, HENDEE PROPERTIES, INC., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, HENDEE PROPERTIES, INC., to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 25, 2026

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com